# United States District Court
# Eastern District of California

| | |
|---|---|
| TIMOTHY BELL, | 09-CV-00571 TJH |
|     Petitioner, | |
|   v. | Order |
| STEVE MOORE, | |
|     Respondent. | |

    Petitioner was convicted of first degree murder in 1981, and is serving a sentence of twenty-six years-to-life. The Board of Prison Terms ("BPT") denied Petitioner parole in 2008. The trial court, state appellate court, and state supreme court denied Petitioner's *habeas* petitions.

    Petitioner raises two claims in this petition for *habeas* relief. First, Petitioner asserts that the BPT's denial of parole improperly relied on his commitment offense and was not based on any evidence, violating Petitioner's due process rights. Second, Petitioner asserts that the BPT was biased in determining his suitability for parole, violating his due process rights.

    The petition is governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S. Ct. 2059, 2063, 138 L. Ed. 2d 481, 488 (1997). Under the AEDPA, a federal court may not grant

a writ of *habeas corpus* unless the state court's adjudication was either: 1) Contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or 2) Based on an unreasonable determination of the facts in light of the evidence presented at the State Court proceeding. 28 U.S.C. § 2254(d)(1-2). Petitioner has not demonstrated that he is entitled to relief under this standard.

The first part of Petitioner's first claim fails. There is no clearly established United States Supreme Court precedent that precludes the BPT from relying on the commitment offense when considering suitability for parole. The only clearly established federal law setting forth the process due in the parole context is *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979). *Greenholtz* holds that an opportunity to be heard and a statement of reasons why the inmate did not qualify for parole are sufficient to protect against an arbitrary state parole decision. *Greenholtz*, 442 U.S. at 16. Petitioner does not argue that he did not receive the *Greenholtz* protections.

The second part of Petitioner's first claim fails. The Supreme Court specifically rejected the argument that parole decisions are to be reviewed for evidentiary sufficiency in *Greenholtz*. 442 U.S. at 15. A parole authority is not required to cite evidence to support its decision. *Greenholtz*, 442 U.S. at 16. Here, the BPT properly stated the grounds for its decision to deny parole.

The third part of Petitioner's first claim fails. Although Petitioner argues that the state court decisions were not supported by any evidence, the state courts' factual determinations are presumed to be correct, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The trial court identified several facts regarding Petitioner's behavior and mental health that supported the BPT decision. Petitioner, however, fails to demonstrate that the state court decisions were based on an unreasonable determination of the facts and warrant *habeas* relief.

1  Petitioner's second claim fails. Petitioner argues that the BPT's decision was
2 biased based on a purported "systemic" no-parole policy in California. While it is true
3 that the Due Process Clause prevents the state from depriving a plaintiff of a protected
4 interest without "a fair trial in a fair tribunal," *In re Murchison*, 349 U.S. 133, 136, 75
5 S. Ct. 623, 625, 99 L. Ed. 942, 946 (1955), to prevail Petitioner must overcome a
6 presumption of honesty and integrity on the part of decision-makers. *Withrow v. Larkin*,
7 421 U.S. 35, 47, 95 S. Ct. 1456, 1464, 43 L. Ed. 2d 712, 723 (1975). Here, the
8 evidentiary record does not demonstrate bias. Instead, it indicates that Petitioner did not
9 object to the panel considering his parole suitability, that the hearing was conducted in
10 an orderly fashion, and that the panel considered facts demonstrating Petitioner's
11 suitability for parole. Thus, the BPT decision did not violate due process.

13  It is Ordered that the motion be, and hereby is, Denied.

15 Date: November 19, 2012

_____
Terry J. Hatter, Jr.
Senior United States District Judge